# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-00157-DDD-STV

DREW PHILLIP FULLER, et al.,

      Plaintiffs,

    v.

JEFFERSON COUNTY, COLORADO, as successor in interest to the Jefferson County
Airport Authority,

      Defendant.

---

## DEFENDANT'S MOTION TO CONSOLIDATE

---

### INTRODUCTION

Pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Defendant Jefferson County, Colorado ("Defendant" or the "County") submits the following Motion to Consolidate (the "Motion") the above-captioned action (the "Fuller Action") with *Andrea Lockhart, et al. v. The Board of County Commissioners of the County of Jefferson, Colorado*, Case No. 1:24-cv-00951 (the "Lockhart Action")—which Plaintiffs' counsel recently filed in Boulder County District Court against the County on behalf of other property owners and renters, Case No. 2024CV30251, and which the County removed to this Court contemporaneously with the filing of this Motion.[1]  For the reasons given below, identical questions of fact and law exist between the Fuller and Lockhart Actions that make consolidation appropriate.

---

[1] Pursuant to Judge Domenico's Practice Standard (III)(B), the County conferred with Plaintiffs' counsel regarding this Motion via email and teleconference on April 3 and 9, 2024.  Plaintiffs oppose the Motion.

1

## BACKGROUND

On December 21, 2023, Plaintiffs filed their Complaint in the Fuller Action against the County in Boulder County District Court, Case No. 2023CV31075, raising claims of inverse condemnation relating to aircraft operations at the federally funded Rocky Mountain Metropolitan Airport ("RMMA" or the "Airport"). *Accord* Complaint, ECF No. 1-1. The County timely removed the Fuller Action to this Court on January 18, 2024. *See* Notice of Removal, ECF No. 1; Defendant's Response in Opposition to Plaintiffs' Motion to Remand, ECF No. 27.

On March 21, 2024—shortly after briefing on the County's Notice of Removal in the Fuller Action was completed, which is currently pending determination before the Court—Plaintiffs' counsel filed the Complaint in the Lockhart Action on behalf of several other Boulder County, Colorado homeowners and renters in state court, a copy of which is attached hereto as Exhibit A. The plaintiffs in the Lockhart Action have raised identical inverse condemnation claims against the County relating to aircraft operations at RMMA. *Compare* ECF No. 1-1, ¶¶ 95-143 (Claims for Relief in the Fuller Action), *with* Exhibit A, ¶¶ 95-143 (Claims for Relief in the Lockhart Action). And as with the Fuller Action, the County has removed the Lockhart Action to this Court because the Lockhart plaintiffs' inverse condemnation claims: (1) arise under federal law in light of the federal government's pervasive control over aircraft noise regulation and the requirement that leaded fuel be available for general aviation aircraft until a safe and certified unleaded fuel is approved by the Federal Aviation Administration ("FAA"); and (2) also are completely preempted by the Airport and Airway Improvement Act, 49 U.S.C. § 47101, *et seq.* ("AAIA"); and the Airport Noise and Control Act, 49 U.S.C. § 47521, *et seq.* ("ANCA"), as well as the regulations

2

promulgated and enforced by the FAA to administer, implement, and enforce those statutes.  *See generally* <u>Exhibit B</u>, Notice of Removal in the Lockhart Action.

### APPLICABLE LAW

Fed. R. Civ. P. 42(a) provides for the consolidation of actions involving "a common question of law or fact."  Whether to consolidate actions on this basis is a matter within the court's discretion.  *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1279 (10th Cir. 2001).  In exercising this discretion, courts should "generally weigh[] the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause."  *Emp'rs Mut. Cas. Co. v. W. Skyways, Inc.*, No. 09-cv-01717, 2010 WL 2035577, at *1 (D. Colo. May 21, 2010).

### ARGUMENT

As a comparison of the factual allegations and claims for relief between the Complaints in the Fuller and Lockhart Actions reveals, these cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) because they involve common questions of law and fact.  Indeed, the questions of law and fact in both cases are not only common, they are **identical**; the only difference between the two Complaints are the named parties.  *Compare* ECF No. 1-1, ¶¶ 21-23(95) (identifying the County and Plaintiffs in this action), *with* <u>Exhibit A</u>, ¶¶ 21-29(3) (identifying the County in the Lockhart Action as "The Board of County Commissioners of the County of Jefferson, Colorado" and twenty-two additional property owners and renters residing near the Airport as the plaintiffs). Both cases involve allegations of excessive aircraft noise and pollution from leaded fuel due to "touch and go" operations at RMMA, and each raise three, identical inverse condemnation claims against the County on the basis of these allegations.  *Compare* ECF No. 1-1, ¶¶ 95-143, *with*

3

Exhibit A, ¶¶ 95-143.  As such, both cases involve the same substantive issues: namely, whether each set of plaintiffs' inverse condemnation claims are time-barred; whether the alleged noise levels and lead pollution from Airport operations have substantially lowered the market value of plaintiffs' properties; and whether federal law—with which, the County is compliant—preempts plaintiffs' inverse condemnation claims.

As the Fourth Circuit stated in *Arnold v. Eastern Airlines* with respect to consolidation:

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

681 F.2d 186, 193 (4th Cir. 1982).  Because the facts and claims in both the Fuller and Lockhart Actions are identical, consolidation is necessary to avoid the possibility of inconsistent results that might occur in the event pre-trial rulings and judgments are entered in two separate cases at two different times—yet all relating to the same subject matter.

Moreover, consolidation would further judicial economy without prejudicing any party. Because of the identical facts and legal issues presented, briefing on the County's Notice of Removal in the Lockhart Action and forthcoming Motion to Dismiss will not take long to complete, thereby placing both cases procedurally in the same posture in the near future. Consolidating the cases for trial will also lessen the burden on the parties, witnesses, and available judicial resources.

Pursuant to D.C.COLO.LCivR 42.1, the district court judge assigned to the lowest numbered case decides whether consolidation is warranted.  Accordingly, the County has filed this

4

Motion in this action, the Fuller Action, along with a notice in the Lockhart Action that this Motion has been filed.

## CONCLUSION

For the foregoing reasons, the County requests that the Court GRANT the Motion and issue and Order consolidating the above-captioned matter with *Andrea Lockhart, et al., v. The Board of County Commissioners of the County of Jefferson, Colorado* (Case No. 1:24-cv-00951), which was removed to this Court contemporaneously with the filing of this Motion.  Pursuant to D.C.COLO.LCivR 42.1, a notice of the filing of this Motion was contemporaneously filed in all cases proposed for consolidation.  A proposed order is attached for the Court's consideration.

Respectfully submitted this 9th day of April, 2024.

/s/ Nathaniel T. Vasquez

M. Roy Goldberg
STINSON LLP
1775 Pennsylvania Avenue N.W., Suite 800
Washington, D.C. 20006
Telephone: (202) 728-3005
Email: roy.goldberg@stinson.com

Nathaniel T. Vasquez
**STINSON LLP**
1144 Fifteenth Street, Suite 2400
Denver, CO 80202
Telephone: (303) 376-8424
Email: nathaniel.vasquez@stinson.com

*Attorneys for Defendant Jefferson County, Colorado*

5

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading complies with the applicable type-volume limitation set forth in Judge Domenico's Practice Standard (III)(A)(1) and contains 1,131 words.

*/s/ Nathaniel T. Vasquez*
Nathaniel T. Vasquez

CORE/3530173.0002/188542313.2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 9, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

*/s/ Nathaniel T. Vasquez*
Nathaniel T. Vasquez

CORE/3530173.0002/188542313.2